IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| DEMARCUS O. JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-CV-1070-MJR |
| vs. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

1. **Introduction/procedural posture**

This matter comes before the Court after an evidentiary hearing on Petitioner Demarcus Johnson's habeas corpus petition, filed under 28 U.S.C. § 2255 (Docs. 1, 7). The Court appointed counsel for Petitioner Johnson pursuant to Administrative Order 176 because the petition potentially presented issues related to then-recent Supreme Court precedent. After briefing by appointed counsel, a response by the Government, and multiple amendments to account for rapidly changing precedent, the parties agreed that an evidentiary hearing was necessary to resolve the ineffective assistance of counsel portion of Petitioner Johnson's habeas petition (*See* Docs. 11, 16, 17). The other aspect of the petition was a claim for sentencing relief based on Petitioner Johnson's classification as an armed career criminal—an issue which was set aside for purposes of the

evidentiary hearing. The Court has now conducted the hearing, and in the interim the Supreme Court has also ruled on the armed career criminal act issue pending in this case. Accordingly, the following analysis disposes of both issues raised by Petitioner Johnson, finding that he is not eligible for relief on either basis.

2. Facts

On March 4, 2014, Petitioner Demarcus Johnson was charged via a single-count grand jury indictment with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (*See* CM/ECF, S.D. Ill., Case No. 14-30047, Doc. 1). He pled guilty via a plea agreement and stipulation of facts on August 13, 2014 (*Id.* Docs. 26, 27). Following a presentence investigation report, and an opportunity for counsel to object, Petitioner Johnson was sentenced on November 14, 2014 to a term of imprisonment (*See id.* Doc. 37). Throughout his criminal case, Petitioner Johnson was represented by attorney Harry Anderson. Following sentencing, a direct appeal was not filed.

In March of 2015 Petitioner Johnson moved for the production of legal documents from his criminal case (*See id.*, Doc. 44). Subsequently in September of 2015 Petitioner Johnson filed his habeas corpus petition seeking relief from his sentence based on ineffective assistance of counsel, and his classification as a career offender under the Sentencing Guidelines (Docs. 1, 11). In relation to his ineffective assistance of counsel claim, Petitioner Johnson argued that his trial counsel (Harry Anderson) did not

thoroughly review his plea agreement with him, did not show him the presentence investigation report, and did not file an appeal despite being told to do so (Doc. 11 at 1-6). The Government responded to this claim with an affidavit from attorney Harry Anderson wherein he indicated that he did not fail or refuse to file an appeal (Doc. 5-3). Based on these direct contradictions, the parties sought an evidentiary hearing.

Petitioner Johnson's habeas petition also included the claim that his sentence, pronounced in part based on the armed career criminal provisions of the Sentencing Guidelines, was constitutionally infirm based on a logical extension of Supreme Court precedent—namely *Johnson v. United States*, **135 S.Ct. 2551 (2015) (holding that the residual clause of the ACCA was unconstitutionally vague)** and *United States v. Hurlburt*, **835 F.3d 715, 725 (7th Cir. 2016) (overruling prior circuit precedent foreclosing vagueness challenges to the guidelines and holding that the residual clause in § 4B1.2(a)(1) is unconstitutionally vague);** *United States v. Rollins*, **836 F.3d 737, 743 (7th Cir. 2016) (holding that the application note to the residual clause of § 4B1.2(a) that listed certain crimes as predicates for career offender classification has no independent legal authority and is thus unconstitutional in line with *Hurlburt's* holding).** When making a request for an evidentiary hearing, the parties set this issue to the side because the timeliness and merits of the claim rose or fell with a then-pending Supreme Court case, *Beckles v. United States*, **2017 WL 855781, No. 15-8544,**

**slip op. (S.Ct. March 6, 2017) (overruling *Hurlburt*).**

The Court held an evidentiary hearing on April 6, 2017, to gather evidence on the ineffective assistance of counsel claim. Petitioner was present and was represented by appointed counsel, Dan Cronin. Petitioner testified on his own behalf. He stated that his trial counsel, Harry Anderson, did not fully advise him as to the terms and implications of the plea agreement. Though he admitted that Anderson visited him and spoke to him on the phone multiple times while he was in pre-trial detention, Petitioner Johnson did not feel that he was fully advised on the plea agreement. He indicated that at his plea colloquy he did not verbalize his concerns to the Magistrate Judge who accepted the plea and rendered a report and recommendation that was accepted by the undersigned because Anderson warned him the deal could fall apart if he did so.

Following the plea, he claims he never had a chance to see his presentence investigation report until he was in Bureau of Prisons ("BOP") custody. He testified that at sentencing he did not express any concerns about that report or his plea to the Court because Anderson had convinced him that it would be best to just agree to whatever the judge said. After sentencing he thought Anderson was going to visit him in the 'bull pen' holding area of the courthouse, but Anderson never came. He asked Anderson to file an appeal on his behalf, but did not learn that Anderson never filed one until sometime in 2015.

The Government called Harry Anderson as a witness. Anderson testified that he reviewed the plea agreement and presentence investigation report thoroughly with Petitioner Johnson at the appropriate times during the proceedings. He stated that he did visit Johnson after sentencing in the 'bull pen' area. He advised Johnson that given the terms of the plea agreement it probably would not be advisable to appeal his sentence, but he did not refuse to file an appeal. Johnson never asked him to appeal the matter.

3. **Legal Analysis**

"An evidentiary hearing on a § 2255 motion is required unless the record "conclusively show[s] that the prisoner is entitled to no relief." **28 U.S.C. § 2255(b).** Ineffective assistance claims often require an evidentiary hearing because they frequently allege facts that the record does not fully disclose**. See Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).** Further, they generally require an evidentiary hearing if the record contains insufficient facts to explain counsel's actions as tactical." *Osagiede v. United States*, **543 F.3d 399, 408 (7th Cir. 2008).**

A habeas petitioner's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the petitioner must show that counsel's performance was deficient. *Strickland v. Washington*, **466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).** This requires showing that

counsel made grave errors, errors so serious that the representation fell below the Sixth Amendment standard. *Id.* Second, the petitioner must show that the deficient performance prejudiced the defense. *Id.* This requires showing that counsel's errors were so serious as to deprive the then-defendant of a fair trial, a trial whose result is reliable. *Id.* A claim is only viable if petitioner makes both showings *Id.*

Judicial scrutiny of counsel's performance is highly deferential.

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. […]

*Id.* The court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* A wide-variety of representation can be effective because even the best criminal defense lawyers may differ in opinion as to how to best handle a case. *Id.* **at 689–90.**

At an evidentiary hearing, the district court possesses broad discretion to evaluate the credibility of contradictory testimony. *See Gant v. United States*, **627 F.3d 677, 681-82 (7th Cir. 2010).** When a defendant asks an attorney to pursue a direct appeal and the attorney does not do so, it is per se ineffective assistance of counsel. *Id.* **at 681, citing** *Kafo v. United States,* **467 F.3d 1063, 1069 (7th Cir. 2006).** However, to succeed on such

a claim, a petitioner must show that he actually requested his attorney file an appeal. ***Gant*, 627 F.3d at 681, citing *Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994).**

With regard to a plea agreement, counsel is required to advise a client of the pros and cons of an agreement within the bounds of reasonableness and prevailing professional norms. *See Padilla v. Kentucky*, **559 U.S. 356, 366-67 (2010) (finding that reasonable counsel must advise a client of the potential deportation consequences of a plea).** As a part of this duty, defense counsel must of course relay formal plea offers from the prosecution to the client, providing an opportunity for the client to accept favorable terms and conditions. *See Missouri v. Frye*, **566 U.S. 133, 145 (2012).** So long as counsel's advice on a plea was "within the range of competence demanded of attorneys in criminal cases" the plea can stand as voluntary and intelligent. *See Hill v. Lockhart*, **474 U.S. 52, 56 (1985).**

"Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [petitioner] would not have pleaded guilty. However, this analysis takes place in the context of the presumption that an attorney's conduct is reasonably proficient." *Galbraith v. United States*, **313 F.3d 1001, 1008 (7th Cir. 2002). (internal cites omitted).**

Here, the Court heard testimony from Petitioner and his trial counsel Harry

Anderson. The Court found Anderson's account of the facts to be more credible than Petitioner's. Petitioner testified that he lied at the time of his plea colloquy and his sentencing by not advising the presiding judges of his concerns about the plea agreement or recommended sentence, but he offered no assurance that his old testimony was a lie and his new testimony was credible aside from his own word. He also testified that Anderson failed to visit him in the 'bull pen' or to file an appeal.

By contrast, attorney Anderson's testimony at the evidentiary hearing was consistent with the series of events that allegedly took place surrounding plea negotiations, sentencing, and a possible appeal. Anderson testified that he advised Petitioner Johnson of the pros and cons of the plea agreement itself, as well as the potential consequences of appealing his ultimate sentence. Anderson said he visited Petitioner in the bull pen. Anderson's representation was within the bounds of reasonableness. Accordingly, this Court finds that Anderson was not ineffective in his representation, and Petitioner is not eligible for relief on this basis.

Turning briefly to Petitioner Johnson's other contention, that his sentence as a career criminal was constitutionally infirm, this argument necessarily fails. The Supreme Court recently held that the career criminal provisions of the Sentencing Guidelines are not constitutionally infirm. *See Beckles*, **2017 WL 855781, No. 15-8544, slip op. (S.Ct. March 6, 2017).** Thus, Petitioner is not entitled to relief on this basis.

### 4. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Thus, the Court must determine whether Petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas corpus petition. A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell*, **537 U.S. 322, 336 (2003) (quoting** *Slack v. McDaniel*, **529 U.S. 473, 484 (2000)).**

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss petitioner's claims is debatable or incorrect. For the reasons stated above, petitioner asserted two meritless claims that reasonable jurists would conclude

provide no basis for relief. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

5. **Conclusion**

Based on the foregoing analysis, Petitioner Johnson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and his case is **DISMISSED with prejudice**. The Clerk of the Court is **DIRECTED** to enter judgment accordingly. Further, no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: April 27, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge